George Barrie and Robert Barrie, co-partners, etc., v. Mrs. George C. Jerome.

Gen. No. 10,951.

1. CONTRACT—*when, is entire, notwithstanding performance is several.* A contract by which a party becomes a subscriber to a set of books to be delivered one volume at a time and agrees to pay therefor on delivery at the rate of so much per volume, is an entirety, notwithstanding performance is several.

2. PART PERFORMANCE—*when recovery may be had upon contract notwithstanding.* The owner of such a contract as that referred to in the preceding paragraph of this syllabus may recover for any volume or volumes delivered and unpaid for, notwithstanding delivery of all the volumes in the set may not have been made.

3. FALSE REPRESENTATIONS — *what statements do not constitute, within the meaning of the law.* Where a book agent, selling a set of Balzac's works, speaks of them as " nice books," " books that children would love to read," etc., he thereby makes representations of mere matters of opinion which do not constitute false representations within the meaning of the law.

Action of assumpsit. Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1902. Reversed and remanded. Opinion filed March 1, 1904.

**Statement by the Court.** August 15, 1900, appellants brought assumpsit against appellee for the price of thirty-five volumes of the novels of Honore de Balzac, part of a set of fifty-one volumes for which appellee, November 1, 1898, gave the following order :

" Edition De Tours : The only complete and unabridged translation of

The Novels of Honore De Balzac : Scenes of Parisian Life, 11 Vols.; of Private Life, 11 Vols.; of Provincial Life, 10 Vols.; of Military, Political and Country Life, 8 Vols.; Philosophical and Analytical Novels and Repertory, 11 Vols.; Total, 51 Vols.

Conditions of Subscription : The works will be issued in the above enumerated order, at the rate of two volumes per month. Illustrated with about two hundred and fifty etchings, printed on Japan paper, by Faivre, Los Rios, Oudart, LeSueur, De Billy, Deblois, Dubouchet, Mongin,

Gaujean, Gery-Bichard, Decisy, Toussaint, Nargeot, Lambert, and Jeannin; after drawings by Adrienmoreau, Toudouze, Cortazzo, Robaudi, Vidal, Fournier, Cain, and Bussiere. The volumes will be printed on deckle-edge paper, handsomely bound in extra half levant, gilt top. The subscription is for one complete copy, as issued, and no other conditions or . representations than those herewith printed will be binding upon the subscriber or publishers.

To GEORGE BARRIE & SON, Publishers, Philadelphia:

Please enter my name as a subscriber for one complete copy of Honore de Balzac's Novels, Edition de Tours, as described above, in fifty-one volumes, for which I agree to pay on delivery, at the rate of $6.50 per volume.

MRS. G. C. JEROME."

Appellant delivered to appellee twenty-nine of the volumes so ordered December 6, 1898, and four more in August, 1900. There was a verdict for defendant in the Superior Court and judgment thereon, from which this appeal was taken.

FOLLANSBEE & FOLLANSBEE, for appellants.

PIERSON & PEASE, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

Appellee contends that the contract was entire and that plaintiffs cannot recover on proof of part performance. The contract is one entire agreement to take one copy of a certain edition of Balzac's novels made up of fifty-one volumes, and not a contract containing fifty-one distinct agreements, each to take one volume of said edition. But a contract may be entire and the performance several. "Confusion is often caused by failure to observe the distinction between several contracts and a divisible, separable or apportionable contract. An apportionable contract enables a certain part of the payment or performance on one side to be recovered before the whole consideration has been given by the other side, but there is nevertheless but a single contract." 1 Parsons' Con., 9th Ed., 673 bottom paging.

Appellee agreed to pay for the books " on delivery at

the rate of $6.50 per volume." In the " conditions of subscription" it was stated that the works would be issued " at the rate of two volumes per month." We have then the case where a set of books containing fifty-one volumes to be issued at the rate of two volumes per month, is subscribed for and the subscriber agrees "to pay on delivery at the rate of $6.50 per volume." In our opinion the provision that the books " will be issued at the rate of two volumes per month " means that they will be issued or delivered to subscribers at the rate of two volumes per month, and the promise on the part of appellee to pay for the " books on delivery at the rate of $6.50 per volume " is a promise to pay for the volumes as delivered, and not a promise to pay when the complete set is delivered, and therefore the action for the price of the volumes delivered can be maintained.

Appellee also insists. that the order in question was obtained by means of the false and fraudulent representations of the agent or solicitor of appellants. In support of this contention appellee testified that at the time she gave the order the solicitor of appellants told her that the works of Balzac were " nice books, books that her children would love to read and that they would be nice to have in the library." These statements were at most the expressions of the opinion of the solicitor as to the character of the writings of Balzac, upon which appellee had no right to rely, and if she did rely upon them it was her own indiscretion. There is not in the statements of the solicitor to appellee as testified to by the latter, a statement of a fact that could amount to a fraudulent representation.

As there was no evidence of fraud or deceit on the part of appellants in obtaining the order in question, it was error to submit to the jury the question whether such order was obtained by fraud and deceit.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*